UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KENNETH PIERSON, SR, )
 )
        **Plaintiff,** )
 )
v. ) Case No. 19-CV-0138-CVE-FHM
 )
CITY OF JENKS, JOSHUA WEDMAN, )
TERESA NOWLIN, and JENKS POLICE )
DEPARTMENT, )
 )
        **Defendants.** )

## OPINION AND ORDER

Now before the Court is plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2), and plaintiff's complaint (Dkt. # 1). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis and supporting affidavit, said motion is granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. However, for the reasons discussed below, the Court finds that the complaint should be dismissed for lack of subject matter jurisdiction.

The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff asserts a cause of action under 42 U.S.C. § 1983. A determination of subject matter jurisdiction under § 1983 is closely related to a determination of the claim on the merits since the Court's ability to hear a § 1983 claim does not arise from the statute itself, but rather arises because a violation of a federal constitutional right creates jurisdiction under other statutes. See Hagans v. Lavine, 415 U.S. 528, 535 (1974). Under a § 1983 rubric, the Court must determine whether plaintiff has sufficiently alleged facts that make out a federal constitutional violation such that federal subject matter jurisdiction exists.

Plaintiff purports to assert claims under the United States Constitution. Specifically, plaintiff alleges that defendants violated his rights under the First Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment, including his right to equal protection. Dkt. # 1, at 4-5. In terms of the facts underlying the alleged constitutional claims, plaintiff asserts that defendants "defamed and libeled plaintiff with false statements and false evidence," invaded his privacy, and committed negligence per se, by publicly filing arrest records in a state court proceeding in the Tulsa County District Court, Case No. MI-2018-11. Id. at 1, 5. Plaintiff alleges that the arrest records had been sealed in a prior state court proceeding and were subject to an expungement order. Plaintiff alleges that, as a result, he has suffered damage to his "public and personal reputation and character." Id. at 4, 6.

Even construing plaintiff's complaint liberally, it cannot be read to assert a constitutional violation. Although plaintiff complains that defendants' filing of a sealed document resulted in

defamation, libel, an invasion of privacy, and negligence per se, none of this can state a constitutional violation. First, it is well-established that "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." Siegert v. Gilley, 500 U.S. 226, 233 (1991). Therefore, plaintiff's allegation that he was defamed is insufficient to allege a constitutional violation. Second, the tort of defamation encompasses libel. See Restatement (2d) of Torts § 558 (1977). The term "libel" simply refers to the publication of defamatory matter by written, as opposed to oral, means. Accordingly, plaintiff's allegation that defendants committed libel, which is merely a type of defamation, is also insufficient to allege a constitutional violation. Similarly, the tort of "negligence per se" does not arise under federal law, nor does it establish a constitutional violation. Therefore, plaintiff's allegation that defendants committed "negligence per se" is insufficient to allege a federal constitutional or statutory violation.

Finally, plaintiff alleges that his constitutional rights were violated because the filing of the sealed records constituted an "invasion of privacy." In Nilson v. Layton City, 45 F.3d 369 (10th Cir. 1995), the Tenth Circuit addressed whether individuals have a legitimate expectation of privacy in records that are subject to an expungement order. The Tenth Circuit explained that

> Information readily available to the public is not protected by the constitutional right to privacy. Consequently, government disclosures of arrest records, . . . judicial proceedings, . . . and information contained in police reports. . . do not implicate the right to privacy. . . . . [An] expungement order does not change this conclusion. An expungement order does not privatize criminal activity. While it removes a particular arrest and/or conviction from an individual's criminal record, the underlying object of expungement remains public. Court records and police blotters permanently document the expunged incident, and those officials integrally involved retain knowledge of the event. An expunged arrest and/or conviction is never truly removed from the public record and thus is not entitled to privacy protection.

Id. at 372. Because plaintiff does not have a legitimate expectation of privacy in his arrest records, despite the expungement order, the Court finds that plaintiff has failed to allege facts sufficient to make out a constitutional violation of his right to privacy.

Accordingly, plaintiff simply has not stated a federal constitutional deprivation. If any claim is actually raised by plaintiff in this case, it arises under state tort law and not under the rights protected by the Constitution. Because the complaint does not allege any constitutional violation or other violation of federal law, plaintiff has no claim over which this Court has jurisdiction. Regardless of plaintiff's pro se status, the Court cannot permit plaintiff to proceed with the lawsuit when the Court lacks subject matter jurisdiction over his claims.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**, and he does not owe the filing fee.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 10th day of April, 2019.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE